260 June 12, 2024 No. 404

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANNY KEITH WOLFORD,
*Defendant-Appellant.*

Curry County Circuit Court
22CR29678; A179400

Cynthia Lynnae Beaman, Judge.

Argued and submitted May 14, 2024.

Emma McDermott, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction for one count of third-degree escape, ORS 162.145. He contends that he was not in custody for purposes of the escape statute and, accordingly, that the trial court erred in denying his motion for a judgment of acquittal. Because we conclude that defendant was in custody, because an officer placed defendant under arrest pursuant to a warrant, we affirm.

Curry County Deputy Sheriff Stout received a dispatch regarding a disturbance involving defendant, and, when he arrived at the scene, he learned of a warrant for defendant's arrest. The warrant was stamped with a "cite and release" notation, and read, in relevant part:

> "TO ANY PEACE OFFICER, YOU ARE COMMANDED to arrest [defendant], and bring him before this Court. If this Court is closed, deliver him to the custody of the Jailor of JOSEPHINE County, Oregon."

As he drove away from the scene, Stout came across defendant, and told him, "Hey, you're going to get a cite for your warrant. You're under arrest at this point." Defendant responded, "You can't arrest me," and ran away. As relevant to this appeal, defendant was charged with and convicted of escape in the third degree, ORS 162.145.

On appeal, defendant contends that he could not have committed the crime of third-degree escape—which requires that a defendant escape "from custody"—because the cite-and-release stamp on the warrant meant that Stout was not authorized to place him under arrest. ORS 162.145.[1] Defendant cogently argues that the cite-and-release process does not amount to "custody" as used in the escape statute. However, the warrant in this case does not present an opportunity to evaluate that argument, because, in addition to bearing a "cite and release" stamp, it also clearly

---

[1] ORS 162.145 reads, in relevant part:

"(1) A person commits the crime of escape in the third degree if the person escapes from custody.

"(2) It is a defense to a prosecution under this section that the person escaping or attempting to escape was in custody pursuant to an illegal arrest."

commands any peace officer "to arrest" defendant. Viewing that evidence in "the light most favorable to the state," *State v. Hedgpeth*, 365 Or 724, 730, 452 P3d 948 (2019) (quoting *State v. Clemente-Perez*, 357 Or 745, 756, 762, 359 P3d 232 (2015)), the warrant expressly authorized defendant's arrest.

Pursuant to that warrant, Stout validly placed defendant in custody for purposes of the escape statute when he notified him, "You're under arrest." *See State v. Davis*, 360 Or 201, 208, 377 P3d 583 (2016) (explaining that an officer stating, "Stop, police! You are under arrest," is sufficient to place a person in "custody" for purposes of the escape statute). Accordingly, trial court did not err in denying defendant's motion for a judgment of acquittal.

Affirmed.